# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phil Degginger,<br><br>              Plaintiff,<br><br>v.<br><br>McGraw-Hill Global Education Holdings LLC, and McGraw-Hill School Education Holdings, LLC,<br><br>              Defendants. | No. CV-14-02429-TUC-DCB (DTF)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Defendants' Motion to Dismiss Count Two. (Docs. 28, 29.) Plaintiff responded and Defendants replied. (Docs. 30, 31.) Pursuant to the Rules of Practice in this Court, the matter was assigned to Magistrate Judge Ferraro for a report and recommendation. The Magistrate recommends the District Court, after its independent review of the record, enter an order granting Defendants' motion to dismiss.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Phil Degginger brought a complaint against McGraw-Hill Global Education Holdings, LLC and McGraw-Hill School Education Holdings, LLC. (Doc. 1.) Degginger alleges that he holds the copyright (solely or with his sister) to photographs authored by him and his father. Degginger alleges that he and various stock photography agencies sold Defendants limited licenses to use certain photographs. He alleges Defendants used some photographs beyond what was permitted by the licenses, and used other photographs in ways unconnected to a license. Count 1 of the Complaint alleges

copyright infringement, in violation of 17 U.S.C. §§ 501 *et seq*. Count 2 alleges that Degginger is entitled to recover costs and attorney's fees, pursuant to the Copyright Act and licensing agency contracts.

**DISCUSSION**

Defendants request that the Court dismiss Count 2 of the Complaint, which seeks attorney's fees, because it does not state a cause of action. Plaintiff's claim for attorney's fees is premised on two grounds. First, Plaintiff seeks attorney's fees "under 17 U.S.C. § 505, for any claim on which he prevails against McGraw where the photograph at issue was registered with the United States Copyright Office prior to McGraw's infringement, pursuant to 17 U.S.C. § 412." (Doc. 1 at 8.) Second, Plaintiff alleges that his licensing agency contracts with Defendants provide that "the prevailing party in any dispute is entitled to recover its attorney's fees." (Doc. 1 at 8.) The Court finds the motion to dismiss should be granted on two grounds. First, the Court finds no subject matter jurisdiction. Second, the Court finds Claim 2 fails to state a claim for relief.

**Subject Matter Jurisdiction**

Although not raised by Defendants, the Court lacks subject matter jurisdiction over Claim 2. In this claim, Plaintiff seeks relief contingent on a future event. There is no claim or controversy before the court ripe for adjudication. *See St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). "A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Texas v. United States*, 523 U.S. 296, 300 (1998) (quoting *Thomas v. Union Carbide Agric. Products Co.,* 473 U.S. 568, 580-81 (1985) (quoting 13A Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3532, 112 (1984))). At this time, there are no attorney's fees in controversy. Plaintiff's speculation that he will be the prevailing party under the Copyright Act or the alleged contracts is insufficient to establish jurisdiction. *See Frontline Processing Corp. v. First State Bank of Eldorado*, 389 F.App'x 748, 754, *amended on denial of reh'g*, 399 F.App'x 185 (9th Cir. 2010) (finding no subject matter jurisdiction over indemnification claim

because party had not yet realized a loss and the loss might never occur). Because Claim 2 is not ripe, it should be dismissed without prejudice for lack of subject matter jurisdiction. *See Ass'n of Am. Med. Colleges v. United States*, 217 F.3d 770, 785 (9th Cir. 2000).

**Failure to State a Claim**

Claim 2 should be dismissed under Rule 12(b)(6) due to "the lack of a cognizable legal theory" and "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)) (internal quotation marks omitted). To state a claim for attorney's fees, under either the Copyright Act or the alleged contracts, Plaintiff must allege that he is a prevailing party and Defendant is responsible for fees. *Id.* (holding that complaint must allow inference that defendant is liable). Plaintiff does not, and cannot, make these essential allegations until there is a resolution of his claim for copyright infringement. (*See* Doc. 1 at 9 (alleging Plaintiff will submit fee totals for conduct of this litigation upon order of the Court).) Claim 2 is wholly dependent upon the outcome of Claim 1.[1] Therefore, Plaintiff has yet to allege facts establishing a right to relief because his request for attorney's fees is speculative. *See Twombly*, 550 U.S. at 545.

Plaintiff also fails to allege a cognizable legal theory for Claim 2. Section 501(b) of the Copyright Act provides a cause of action for the infringement of a copyright. The Act then provides "Remedies for infringement." *See* 17 U.S.C. §§ 502-05. The Act includes as a remedy that, "the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. Thus, the only relevant "action"

---

[1] Plaintiff appears to concede this point as to the claim for fees under the Copyright Act. (Doc. 30 at 10.) It is equally applicable to his claim based on contract, because the language of the contracts as set forth in the Complaint requires that he be the prevailing party. Until Claim 1 is decided, he cannot allege that there is a prevailing party.

established by the Copyright Act is for infringement. Attorney's fees are merely one of the remedies for a civil infringement action, awarded at the court's discretion. Hence, Plaintiff has not alleged a cognizable legal theory for a separate attorney's fees claim under the Copyright Act.

Plaintiff also failed to plead a legal theory for fees pursuant to contract. Plaintiff points to the contracts solely as a source for attorney's fees as a remedy for successful litigation. If Plaintiff is the prevailing party in this action and Defendants fail to pay fees owed under the alleged contracts, then Plaintiff could plead a claim for breach of contract. At this time, Plaintiff alleges neither the facts nor the legal theory necessary to support such a claim.

Finally, Claim 2 contravenes Federal Rule of Civil Procedure 54(d)(2)(A), which provides that a request for fees must be made by motion "unless the substantive law requires those fees to be proved at trial." The Copyright Act allows a person to bring an action solely for infringement. 17 U.S.C. § 501(b). It does not compel fees to be proven at trial, rather, it grants the court discretion to award fees to a prevailing party as a remedy in an infringement action. 17 U.S.C. § 505. Additionally, Plaintiff points to no law suggesting that attorney's fees must be proven at trial if they arise from a contract that awards them to a prevailing party. Thus, attorney's fees are properly sought on motion after a decision on Claim 1.

## RECOMMENDATION

The Court lacks subject matter jurisdiction over Claim 2, therefore, it should be dismissed without prejudice. Alternatively, Claim 2 fails to state a claim and it should be dismissed under Rule 12(b)(6). The Magistrate Judge recommends the District Court grant the motion to dismiss Claim 2 (Doc. 28.)

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen

days. No reply brief shall be filed on objections unless leave is granted by the district court. If objections are not timely filed, they may be deemed waived.

Dated this 11th day of February, 2015.

_____
D. Thomas Ferraro
United States Magistrate Judge